IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **SELAH SQUALLS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: 8:23-cv-02035-GLS |
| ) | |
| **MONTGOMERY COUNTY** ) | |
| **BOARD OF EDUCATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Pending before this Court[1] is "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" and memorandum in support thereto (collectively "the Motion"), filed by Defendant Board of Education of Montgomery County ("Defendant"). (ECF Nos. 21, 21-1, 21-2). Plaintiff Selah Squalls ("Plaintiff") did not file an Opposition, and the time for filing a response has expired. *See* Local Rule 105.2 (D. Md. 2023). Accordingly, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth below, the Motion is **GRANTED**.

**I.      BACKGROUND**

**A.  Procedural Background**

On July 28, 2023, Plaintiff filed the Complaint against Montgomery County Public Schools, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq.*, and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C.

---

[1] The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 15).

§ 621, *et seq*. (ECF No. 1). On August 14, 2023, Plaintiff served the Defendant, setting the deadline to file its responsive pleading as September 6, 2023. (ECF No. 10).

On September 6, 2023, Defendant filed notice of intent to file a motion to dismiss the Complaint ("Request to Dismiss"). (ECF No. 14). On October 19, 2023, the Court held a status conference related to Defendant's notice. (ECF No. 18). During the status conference, Defendant advanced several bases for dismissal, including that Plaintiff had improperly referred to it in the Complaint as "Montgomery County Public Schools" (rather than by its legal name of "Board of Education of Montgomery County"). (*Id.*). After entertaining argument from both parties on the issues raised by the Defendant, the Court exercised its discretion and liberally construed Plaintiff's arguments as a request for leave to file an amended complaint. (*Id.*). The Court granted Plaintiff leave to amend the Complaint and entered a deadline for Defendant to file a responsive pleading or a motion to dismiss. (*Id.*; ECF No. 19). If Defendant were to file a motion to dismiss, it would be due on November 28, 2023, with Plaintiff's opposition due on December 28, 2023, and a Reply due on January 16, 2024. (ECF No. 19).

On October 24, 2023, Plaintiff timely filed an Amended Complaint, again incorrectly naming "Montgomery County Board of Education" as the defendant. (ECF No. 20, "Amended Complaint"). The Amended Complaint generally alleged discriminatory conduct including: (1) termination of employment, (2) retaliation, and (3) discrimination, in violation of Title VII and the ADEA. (Amended Complaint, pp. 4-5). Specifically, Plaintiff asserts Defendant discriminated against her based on her: (1) race, because she was treated differently from her white coworker by the lead teacher; and (2) age, representing that she was 21 years old at the time of the alleged discriminatory conduct. (*Id.*).

2

On November 28, 2023, Defendant timely filed the Motion, requesting that the Court dismiss the case with prejudice. The Motion contains a certificate of service, by which Defendant represented that a copy of the Motion had been mailed to Plaintiff at her address of record. (Motion, p. 3). On November 29, 2023, the Clerk of the Court mailed Plaintiff a letter notifying her that Defendant had filed a motion to dismiss and advising her that failure to file a written response within "28 days from the date of this notice" could result in judgment being entered against her (ECF No. 22, p. 1).

Subsequently, on November 30, 2023, the Court issued an Order clarifying that the deadline for Plaintiff to file an opposition remained December 28, 2023. (ECF. No. 23). To date, Plaintiff has not filed a response.

### B. Factual Background[2]

Plaintiff is an African American woman. During the relevant time period, Plaintiff was 21 years old. (ECF No. 20-2, p. 2). In March 2022, Plaintiff began working as a paraeducator at

---

[2] Unless otherwise noted, the facts are taken from the Amended Complaint, and the documents incorporated by reference. (ECF Nos. 20, 20-1 through 20-3). Plaintiff's Amended Complaint is, regrettably, confusing, and frequently incomprehensible. This violates the standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court did a careful review of the Amended Complaint and exercised best efforts to discern and identify the factual allegations and causes of action that Plaintiff attempts to advance. The Court generously and liberally construed Plaintiff's pleadings. However, the Court did not "act as an advocate" or "fashion claims" for Plaintiff, as it would be improper and would put impermissible "strain [on] judicial resources". *Lewis-Davis v. Bd. of Educ. of Baltimore Cnty.*, Civ. No. ELH-20-0423, 2021 WL 4772918, at *8 (D. Md. Oct. 13, 2021) (internal citations omitted). Ultimately, the facts are construed in the light most favorable to Plaintiff. *See Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023).

In addition, when resolving a Rule 12(b)(6) motion, a court can choose to exercise its discretion and consider "matters outside of the pleadings." *See* Fed. R. Civ. P. 12(d). In so doing, a court can consider additional documents outside of the pleading only if the documents are explicitly incorporated into a complaint by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Here, the Plaintiff attached three undated letters to the Amended Complaint, which she represents contain the facts underpinning her claims. *See* Amended Complaint, p. 4, Section III ("See attached statements"). Because these short, concise statements are explicitly incorporated by reference, the Court will consider them. *Goines, supra*, at 166. Finally, attached to the Complaint is the EEOC's Right to Sue Letter. (ECF No. 1-1). Plaintiff specifically incorporated by reference this Letter in her Amended Complaint, *see* ECF No. 20, p. 6, but failed to attach it to the Amended Complaint. The Court will exercise its discretion and consider the Right to Sue Letter. *Goins, supra*, at 166.

Clopper Mill Elementary School ("the School"). (*Id*., p. 1). While employed by the School, Plaintiff worked in the pre-kindergarten classroom of Ms. Dori Bailin. (*Id*.).

   1. *Discrimination*

While not entirely clear, Plaintiff seems to allege that at on May 25, 2022, at approximately 11:00 A.M., Ms. Bailin took Plaintiff's teaching materials without Plaintiff's consent. (*Id*.). Plaintiff told Ms. Bailin that the materials belonged to Plaintiff. Ms. Bailin then responded that she wanted to see the material because "these are [my] kids and [my] classroom." (*Id*.). When Plaintiff asked Ms. Bailin to "remove her hands from the material," Ms. Bailin raised her voice and lifted her finger "close enough to poke [Plaintiff] in the eye." (*Id*.). Plaintiff told Ms. Bailin to "remove her finger out of [Plaintiff's] face." (*Id*.). Plaintiff felt threatened by Ms. Bailin's actions, which occurred in front of students. (*Id*.).

On the same day, approximately one hour later, Plaintiff attended a meeting with Ms. Bailin and Mr. Henderson. (ECF No. 20-3, p. 1).[3] It is unclear from the Amended Complaint where this meeting occurred, or if it occurred in front of students. Plaintiff alleges that her concerns were "disregarded and disrespected." (*Id*.). Mr. Henderson did not emphasize the importance of employees' proper conduct and behavior during the meeting. *Id*. (*Id*.). Plaintiff alleges Mr. Henderson's responses were biased due to Ms. Bailin's position as a lead teacher in contrast with her position as a paraeducator, asserting that Mr. Henderson's responses were not "completely fair" regarding Ms. Bailin's behavior. (*Id*.). Plaintiff further alleges that paraeducators and teachers are not treated equally. (*Id*.). Specifically, Plaintiff states "paraeducators are treated like second-class citizens compared to lead teachers." (*Id*.).

---

[3] The Amended Complaint does not specify Mr. Henderson's role.

Plaintiff requested to end the meeting. (*Id.*). Plaintiff informed Mr. Henderson that she was upset with his handling of the meeting and asked if she could go home. (*Id.*). Mr. Henderson approved Plaintiff's request to leave, and then asked Plaintiff if she was leaving for the day or the rest of the school year. (*Id.*). Plaintiff responded that she was uncertain. Mr. Henderson then told Plaintiff that she needed to let him know her plan by 9:00 P.M. (*Id.*). Plaintiff emailed Mr. Henderson at approximately 8:15 P.M. to inform him that she would return to work the next day. In response, Mr. Henderson requested Plaintiff meet with him at 10:30 A.M. the next day. (*Id.*).

Finally, Plaintiff generally alleges that she was "treated differently from my white coworker by the lead teacher." (Amended Complaint, p. 5).

  2. *Hostile Work Environment.*

Plaintiff alleges that the incident in Ms. Bailin's classroom was not the first instance where Plaintiff felt "bullied, belittled, and discriminated against" because of her age and race. (ECF No. 20-2, pp. 1-2). Plaintiff generally alleges that she made multiple reports to her administrator regarding Ms. Bailin. (*Id.*). Plaintiff also generally alleges that she witnessed Ms. Bailin treating her differently than another paraeducator who is Caucasian and over 50 years old. (*Id.*).

On May 26, 2022, the day after Plaintiff's meeting with Mr. Henderson and Ms. Bailin, Plaintiff arrived at work at 10:25 A.M. to meet with Mr. Henderson. (*Id.*). Plaintiff alleges that Mr. Henderson began to interrogate, bully, chastise, and intimidate her with a "positional approach rather than a collaborative and interest-based approach [as required by the Employee Code of Conduct]." (ECF No. 20-3, pp. 2-3).

  3. *Retaliation.*

Mr. Henderson also requested that Melinda Elias, a Staff Development teacher, attend the May 26, 2022 meeting with him and Plaintiff. (ECF No. 20-3, p. 2). Plaintiff observed Ms. Elias

typing "as though she was documenting the meeting without [Plaintiff's] consent." (*Id*.). Plaintiff only generally alleges that Mr. Henderson began to interrogate, bully, chastise, and intimidate her with a "positional approach rather than a collaborative and interest-based approach [as required by the Employee Code of Conduct]." (*Id*., pp. 2-3). Plaintiff alleges that Mr. Henderson's actions were due to his "planned retaliation" against Plaintiff. (*Id*.).

        4.   *Termination of Employment.*

Plaintiff also alleges termination of employment. (Amended Complaint, p. 5). However, Plaintiff did not allege particular facts in support of this claim.

        5.   *EEOC Charge and Right to Sue Letter.*

In November 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission regarding Defendant's alleged discriminatory conduct. (Amended Complaint, p. 6). On March 29, 2023, Plaintiff received Notice of Right to Sue letter from the EEOC advising that the EEOC dismissed the charge. (*Id*.). The first page of the letter states "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." (ECF No. 1-1, p. 1).[4]

## II.   STANDARDS OF REVIEW

### A.  Motion to Dismiss

A Rule 12(b)(6) motion challenges the sufficiency of the facts set forth in a complaint. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). When ruling on such a motion, a court "does not resolve the contests surrounding the facts [or] the merits of a claim." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379,

---

[4] *See* n. 2, *supra*.

387 (4th Cir. 2013)). Rather, at this stage, a court considers the complaint as a whole and construes the facts advanced as true, viewing them in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint must allege sufficient facts to establish each element of each claim. *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013), *aff'd sub nom., Goss v. Bank of Am., N.A.*, 546 F. App'x 165 (4th Cir. 2013). In addition, a complaint must satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a) and contain facts "showing" entitlement to relief. *Twombly*, 550 U.S. at 555-56 (complaint must set forth enough facts as to suggest a "cognizable cause of action"). In other words, a complaint must do more than formulaically recite "the elements of a cause of action," or must do more than make "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 258 (4th Cir. 2009). A court "must be able to draw the reasonable inference [from the well-pleaded facts] that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff is *pro se*, her pleadings are held to a less stringent standard than those filed by attorneys, and the court will liberally construe her claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under a liberal interpretation, the complaint must meet the standards for plausibility. A complaint fails to plausibly allege entitlement to relief where, in contravention of Fed. R. Civ. P. 8(a), the complaint is confusing, rambling, vague, and ambiguous. *See Jianqing Wu v. TrustPoint Int'l*, Civ. No. PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (citing *Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1966) (dismissal appropriate where

allegations are "[C]onfusing, ambiguous, redundant, vague and, in some respects, unintelligible…."); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing because the "[complaint is] a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated….")).

### B. Consideration of Affirmative Defenses

When resolving a motion to dismiss, "the court may consider an affirmative defense, such as exhaustion or timeliness, only in the 'relatively rare circumstances where facts sufficient to rule on [the] affirmative defense are alleged in the complaint.'" *Prosa v. Austin*, Civ. No. ELH-20-3015, 2022 WL 394465, at *18 (D. Md. Feb. 8, 2022) (quoting *Goodman v. Praxair Services Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)).

### III. DISCUSSION

Defendant advances seven arguments in support of the Motion, which is largely predicated upon Fed. R. Civ. P. 12(b)(6). First, that "Montgomery County Board of Education" is not a legal entity; thus, it cannot be sued, and the Amended Complaint should be dismissed with prejudice. Second, that because Plaintiff failed to timely file suit as required by Title VII and the ADEA, her Amended Complaint should be dismissed with prejudice. Third, because she is only twenty-one years old, Plaintiff fails to state a claim upon which relief can be granted for discrimination under the ADEA. Fourth, Plaintiff fails to state a claim upon which relief can be granted for discrimination under Title VII. Fifth, Plaintiff fails to state a claim for which relief can be granted for hostile work environment under Title VII or the ADEA. Sixth, Plaintiff fails to state a claim upon which relief can be granted for retaliation under Title VII or the ADEA. Finally, to the extent

that Plaintiff seeks punitive damages against Defendant, it enjoys immunity from such damages. (Motion, p. 2).

As held above, to date, Plaintiff has failed to file an opposition to the Motion. Because Plaintiff has failed to file any response to the Motion, the Court could exercise its discretion and dismiss this case without reaching the merits. *White v. Wal Mart Stores, Inc.*, Civ. No. ELH 13-31, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (*pro se* plaintiff's complaint dismissed when plaintiff failed to oppose a motion to dismiss); *Belyakov v. Medical Science and Computing*, Civ. No. PWG 13-3657, 2014 WL 12768920, at *2 (D. Md. May 19, 2014) (breach of contract and fraud claims in a complaint dismissed without reaching the merits due to plaintiff's failure to file a response).

Alternatively, because Plaintiff has failed "to prosecute this case" or has failed to comply with a court order, Defendant could move for dismissal of this case. *See* Fed. R. Civ. P. 41(b). Despite the Court twice notifying Plaintiff that judgment could be entered against her should she fail to respond, *see* ECF Nos. 22, 23, to date Plaintiff has not filed any opposition or has otherwise prosecuted her case. Thus, the Court could grant the motion to dismiss on this basis alone. *See Salia v. Ryland Homes*, Civ. No. PJM-09-2639, 2010 WL 1662744, at *1 (D. Md. Apr. 21, 2010) (dismissal with prejudice where plaintiff failed to respond to motions to dismiss and failed to respond to the court's order). In addition, a court has the "inherent authority. . .to dismiss a lawsuit *sua sponte* for failure to prosecute." *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp. 2d 772, 777 (D. Md. 2010) (quoting *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007). Thus, the Court would be well within its rights to dismiss all of Plaintiff's claims.

Because Defendant seeks a dismissal of this case with prejudice, the Court will exercise its discretion and analyze Defendant's first two arguments.

### A. Improperly Named Defendant

Defendant first asserts that the Amended Complaint improperly names "Montgomery County Board of Education," which is not its legal name, making it the improper party to be sued.

Pursuant to Maryland Law, the board of education for each county's school system is the entity that can be sued and ultimately found liable. *See* Md. Code, Educ. § 3-104(a)-(b)(2). When a party named in a suit is not an entity that can legally be sued, the Court may dismiss the claims against that entity with prejudice, as any future claims against that entity would be futile. *See Miller v. Montgomery Cnty. Pub. Sch.s*, Civ. No. TJS-19-3067, 2020 WL 2097686, at *1 (D. Md. May 1, 2020).

In this case, Plaintiff initially named Montgomery County Public Schools ("MCPS") as the Defendant. (ECF No. 1). In Defendant's Request to Dismiss, Defendant argued that MCPS is not a legal entity subject to suit. This was the first time that the Plaintiff received notice that she had failed to name the proper party. Next, during a status conference with the Court, Plaintiff was again notified that the proper name of the Defendant needed to be used. (ECF No. 18). Despite being granted leave to amend her complaint to name the proper entity, Plaintiff failed to do so. Indeed, the Amended Complaint again improperly names Defendant as "Montgomery County Board of Education." The Court finds that the Defendant is correct, and that Montgomery County Board of Education is not a distinct legal entity as the proper name is "Board of Education of Montgomery County." *See Miller*, 2020 WL 2097686, at *1. Accordingly, the claims against Montgomery County Board of Education are dismissed with prejudice because "it is not a legal entity subject to suit and any future claims would be futile." *Id*.

Finally, because Plaintiff has been admonished orally and in writing to name the proper entity yet failed to do so, the Court finds little reason to conclude that Plaintiff, were she given

another opportunity to amend, would cure her deficiency. Accordingly, the case shall be dismissed with prejudice. *See Adkins v. Bank of New York Mellon*, Civ. No. PWG-15-3886, 2017 WL 2215131, at *1 n.2 (D. Md. May 19, 2017) (dismissing claims with prejudice where plaintiff had already unsuccessfully attempted to amend the complaint to remedy deficiencies).

### B. Timeliness and Exhaustion

Assuming *arguendo* that Plaintiff's failure to name the proper entity does not constitute sufficient basis to dismiss her case with prejudice, the Court also analyzes whether Plaintiff timely filed suit.

As held earlier, when analyzing a motion to dismiss, a court may consider an affirmative defense, such as timeliness or failure to exhaust administrative remedies, only when "facts sufficient to rule on [the] affirmative defense are alleged in the complaint." *Goodman, supra*, 494 F.3d at 464. In this case, in her Amended Complaint, Plaintiff alleges that she filed a charge with the EEOC in November 2022, and she received her Right to Sue letter on March 29, 2023. (Amended Complaint, p. 6). Thus, the Court can evaluate Defendant's affirmative defense because "all facts necessary to the affirmative defense [are present] on the face of the complaint," *Goodman,* 494 F.3d at 464.

Defendant argues that Plaintiff failed to timely file suit within 90 days of receiving the Notice of Right to Sue letter from the EEOC on March 29, 2023. Specifically, Defendant argues that Plaintiff should have filed the Complaint by June 27, 2023, but Plaintiff's Complaint was not filed until July 28, 2023, and therefore is untimely. (Motion, p. 7).

Under Title VII, an employer is prohibited from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such an individual's race, color, religion, sex, or national origin." *Prosa, supra,* 2022 WL 394465, at

*15 (quoting 42 U.S.C. § 2000e-2). Under the ADEA, an employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. The age discrimination prohibitions apply to those at least 40 years of age. *See* 29 U.S.C. § 631.

An employee who alleges that an employer discriminated against her must exhaust certain administrative remedies by timely filing a charge with the EEOC before filing a Title VII or ADEA lawsuit. *Balas v. Huntington Ingalls Indus. Inc.*, 711 F.3d 401, 406 (4th Cir. 2013). Exhaustion is a "claim-processing rule and it is 'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'" *Prosa*, 2022 WL 394465, at *15 (quoting *Fort Bend County v. Davis*, 587 U.S. 541, (2019)). There are two reasons why a party must exhaust her claim administratively: (1) in order to "protec[t] agency authority in the administrative process;" and (2) to "promot[e] efficiency in the resolution of claims. *Id.* at *16 (quoting *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019)).

Under either Title VII or the ADEA, a charge must be filed with the EEOC within one hundred and eighty days after the alleged incident. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). If the EEOC dismisses a charge, the EEOC will notify the individual of his or her right to pursue civil action. After that point, a putative plaintiff may initiate civil action against an employer within 90 days after receipt of the EEOC's notification dismissing the charge(s). *See Hawkins v. Hairston*, Civ. No. JKB-12-cv-1366, 2012 WL 5503839, at *2 (D. Md. Nov. 8, 2012) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987)). *See also* 42 U.S.C. 2000e-5(f)(1); 29 U.S.C. § 626(d)(1)(A). The 90-day deadline is treated "like a statute of limitations." *Weathersbee v. Baltimore City Fire Dept.*, 970 F.Supp.2d 418, 427 (D. Md. 2013)

(quoting *Chacko v. Patuxent Institution*, 429 F.3d 505, 513 n.5). Put another way, if a party fails to file suit by the 90-day deadline, then the claim is barred by law.

In this case, construing the facts in favor of Plaintiff, Plaintiff timely filed a charge with the EEOC in November 2022. (Amended Complaint, p. 4). Subsequently, Plaintiff received a Notice of Right to Sue letter on March 29, 2023. (*Id.*). Thus, Plaintiff had until June 27, 2023, to file the instant action. On July 28, 2023, Plaintiff filed the original complaint, which is approximately 121 days after receiving the Notice of Right to Sue letter. *See* ECF No. 1, p. 1. Accordingly, the Court must find that Plaintiff failed to timely file suit in accordance with the statutory requirements. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Accordingly, all of her claims will be dismissed with prejudice because they are time-barred. *See Weathersbee*, 970 F.Supp.2d 418, 427-28.[5]

### C. Remaining Claims

Because this Court dismisses Plaintiff's claims based on the aforementioned grounds, this Court declines to address Defendant's remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated:  August 15, 2024

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[5] *See also Hawkins,* 2012 WL 5503839, at *2 n.2 (D. Md. Nov. 8, 2012) (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (motion to dismiss granted on the ground that the statute of limitations has expired is a dismissal with prejudice.